## BOWEN v. RATHBUN.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

ACTION—MISJOINDER OF CAUSES—HUSBAND AND WIFE.

    Plaintiff worked defendant's farm on shares, and sued for a balance due under the lease, and set up a second cause of action for work and labor in straightening the bank of a stream and building a dike, which was a permanent repair, not called for by the lease. Plaintiff's husband testi-

fied that he was the general agent of his wife in conducting the farm, but that the contract to straighten the stream and build the dike was made with him, and that the plaintiff did none of the work on the stream or dike, and paid none of the help employed on them. *Held*, that plaintiff was not entitled to recover on the second cause of action.

Appeal from judgment on report of referee.

Action by Deborah N. Bowen against Louis G. Rathbun. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Judson A. Gibson, for appellant.

Rockwell & McCann, for respondent.

PARKER, P. J. The plaintiff for some years worked the defendant's farm on shares. On April 1, 1898, she removed therefrom, and, being unable to adjust their various differences which arose out of such business relations, this action was brought. In it the plaintiff seeks to recover a sum of money on six different and distinct causes of action. The defense set up two different and distinct counterclaims. The case came to trial before a referee, who allowed the plaintiff to recover on the first and second causes of action set forth in the complaint, and denied her right to recover on the other four. He also allowed to the defendant the second counterclaim set up in the answer, and disallowed his claim upon the first one therein set forth. Judgment for the difference between the two claims allowed to the plaintiff and the one counterclaim allowed to the defendant, with the interest allowed on each of such claims, being the sum of $355.79, was entered for the plaintiff, with costs of the action; and from such judgment this appeal is taken.

We are content with the conclusions which the referee reached in all but the second claim, wherein he allowed the plaintiff to recover the sum of $200 for work done in straightening the bank and building a dike along the creeks upon such farm, and which claim is the second cause of action set forth in her complaint. In that respect we think he was in error, for the following reasons: The plaintiff's husband was her general agent, as he testifies, in all of her business transactions. So far as the record shows, that was in operating the defendant's farm only. The contract to do the work upon the two creeks in question was no part of the work of the farm. It was in no way connected with the plaintiff's lease. It was a permanent repair, which the defendant could hire done or not, as he chose, and he could hire whomever he chose to make it. Clearly, the contract was made between the defendant and the plaintiff's husband. There is not a particle of evidence in the case indicating that he assumed to act as her agent in undertaking to do such work, or that he in fact performed the work on her account. On the contrary, he testified: "My wife did none of this work herself, and paid none of this help. I did it all myself, and the bargain was made with me." No cause of action arose to her for the $200 which the defendant agreed to pay her husband for doing such

work, and it seems clear that, as to that claim, she has failed to prove herself entitled to it. The defendant's indebtedness for that work, if any exists, is due to the husband, and not to this plaintiff.

We have carefully examined the evidence and the rulings regarding the other claims set up by each of the parties, and find no reason for disturbing the referee's conclusions with respect to them; and the judgment, so far as it affects them, is in all respects affirmed. So far as it affects the said second cause of action, however, it must be reversed, and a new trial granted as to that cause of action. The referee should be discharged, and no costs of this appeal should be allowed to either party. All concur.